Floyd W. Bybee, #012651
Law Office of Floyd W. Bybee, PLLC
4445 E. Holmes Avenue
Suite 107
Mesa, AZ 85206-5530
Office:  (480) 756-8822
Fax: (480) 302-4186
floyd@bybeelaw.com

Attorney for Plaintiff

UNITED STATES DISTRICT COURT

DISTRICT OF ARIZONA

Jerry R. Hobbs,

    Plaintiff,

v.

National Action Financial Services, Inc., a Georgia corporation;

    Defendant.

No.

COMPLAINT

(Jury Trial Demanded)

Plaintiff alleges as follows:

## I.  Preliminary Statement

1. Plaintiff brings this action for damages based upon Defendant's violations of the Fair Debt Collection Practices Act, 15 U.S.C. §§ 1692 et seq. (hereinafter "FDCPA").  In the course of attempting to collect a debt allegedly owed by Plaintiff, Defendant engaged in deceptive, unfair and abusive debt collection practices in violation of the FDCPA. Plaintiff seeks to recover actual damages, and statutory damages,

1 | punitive damages, as well as reasonable attorney's fees and costs.

## II. Statutory Structure of FDCPA

2. Congress passed the FDCPA to eliminate abusive debt collection practices by debt collectors, to insure that those debt collectors who refrain from using abusive debt collection practices are not competitively disadvantaged, and to promote consistent state action to protect consumers against debt collection abuses. FDCPA § 1692.

3. The FDCPA is designed to protect consumers who have been victimized by unscrupulous debt collectors regardless of whether a valid debt exists. <u>Baker v. G.C. Services Corp.</u>, 677 F.2d 775, 777 (9th Cir. 1982).

4. The FDCPA defines a "consumer" as any natural person obligated or allegedly obligated to pay any debt. FDCPA § 1692a(3).

5. The FDCPA defines "debt" as any obligation or alleged obligation of a consumer to pay money arising out of a transaction in which the money, property, insurance, or services which are the subject or the transaction are primarily for personal, family, or household purposes. FDCPA § 1692a(5).

6. The FDCPA defines "debt collector' as any person who uses any instrumentality of interstate commerce or the mails in any business the principal purpose of which is the collection of any debts, or who regularly collects or attempts to collect, directly or indirectly, debts owed or due or asserted to be owed or due to another. FDCPA § 1692a(6).

7. Any debt collector who fails to comply with the provisions of the

- 2 -

1  FDCPA is liable for any actual damage sustained; statutory damages
2  up to $1,000; attorney's fees as determined by the Court and costs of
3  the action. FDCPA § 1692k.

### III.  Jurisdiction

8. Jurisdiction of this Court, over this action and the parties herein, arises under 15 U.S.C. § 1692k(d) (FDCPA), and 28 U.S.C. §1337. Venue lies in the Phoenix Division of the District of Arizona as Plaintiff's claims arose from acts of the Defendant perpetrated therein.

### IV.  Parties

9. Plaintiff is an individual and resident of Maricopa County, Arizona.
10. Plaintiff is allegedly obligated to pay a consumer debt.
11. Plaintiff is a "consumer" as defined by FDCPA § 1692a(3).
12. Defendant National Action Financial Services, Inc. (hereinafter "NAFS") is a corporation domiciled in the State of Georgia.
13. NAFS regularly collects or attempts to collect debts owed or asserted to be owed or due another.
14. NAFS is a "debt collector" as defined by FDCPA § 1692a(6).

### V.  Factual Allegations

15. In about August 1999, Plaintiff leased a vehicle for personal, family or household purposes through Bank of America.
16. Within a few months, the vehicle was wrecked and declared a total loss without insurance or sufficient insurance to cover the loss.
17. In late 1999 or early 2000, Bank of America closed Plaintiff's account, declared him in default, and repossessed the vehicle and sold it leaving a deficiency balance owing.

1  18.  Sometime thereafter, Cavalry Portfolio Services, LLC allegedly purchased the Bank of America account.

2  19.  The Bank of America debt is stale and beyond the applicable statute of limitations for filing suit in Arizona.

3  20.  In approximately March 2008, Cavalry assigned the Bank of America debt to NAFS for collection purposes.

4  21.  Beginning in early March 2008, Plaintiff began receiving telephone calls from NAFS concerning the Bank of America account.

5  22.  From March 2008 through April 25, 2008, NAFS called Plaintiff and left messages on his voice mail no fewer than thirty times.

6  23.  All of these calls included artificial or prerecorded messages left on Plaintiff's home voice mail.

7  24.  Nearly all of the artificial or prerecorded messages left on Plaintiff's home voice mail included the following statements:

> . . . This is a time sensitive matter that does need your attention.  We want to verify that the opportunity to resolve this matter and the correspondence we have sent you will not be taken advantage of.  Again this is not a solicitation call.  Please call the office of Gary Marshall. . . .

25.  During this time, three of the artificial or prerecorded messages left on Plaintiff's home voice mail included the following statement:

> This message is from Mr. Roberts of National Action Financial Services, a debt collection agency.  You can reach me toll free at 1-800-219-6841.  We have made numerous attempts to contact you in the past, and we do have a few options left at this juncture. To have the opportunity to resolve this matter with our office, please make a decision to return our call.  Again, our toll free number is 1-800-219-6841.

- 4 -

1  26. NAFS placed these described calls to Plaintiff in an attempt to collect a debt.
2  27. The recorded calls left by NAFS on Plaintiff's voice mail were "communications" as that term is used in the FDCPA.
3  28. In most instances, NAFS failed to disclose in its recorded messages left for Plaintiff on his voice mail that the communication was from a debt collector, and therefore violated the FDCPA § 1692e(11), <u>Foti v. NCO Financial Systems, Inc.</u>, 424 F.Supp.2d 643 (2006); and <u>Leyse v. Corporate Collection Services, Inc.</u>, 2006 WL 2708451 (SDNY Sept. 18, 2006).
29. It was and is the practice of NAFS in connection with the collection of debts to communicate with consumers by leaving a recorded voice message on the consumer's answering machine or voice mail without disclosing in the message that the communication is from a debt collector.
30. In all but three of the recorded messages, NAFS failed give Plaintiff meaningful disclosure of the caller's identify in violation of FDCPA § 1692d(6).
31. On or about March 28, 2008, NAFS mailed or caused to be mailed a letter to Plaintiff concerning the Bank of America debt.
32. The March 28, 2008 letter was the first written communication sent by NAFS to Plaintiff.
33. The March 28, 2008 letter was mailed more than five (5) days after the initial communication with Plaintiff.
34. As a result of Defendant's actions as outlined above, Plaintiff has

- 5 -

1 suffered damages including, but not limited to, emotional distress,
2 embarrassment, humiliation, and other emotional distress.
3 35. Defendant's actions taken here were intentional, willful, and in gross
4 or reckless disregard of Plaintiff's rights and part of its persistent and
5 routine practice of debt collection.
6 36. In the alternative, Defendant's actions were negligent.

## VI. Causes of Action

### a. Fair Debt Collection Practices Act

37. Plaintiff repeats, realleges, and incorporates by reference the foregoing paragraphs.
38. Defendant's violations of the FDCPA include, but are not necessarily limited to, 15 U.S.C. §§ 1692d, 1692d(6), 1692e, 1692e(5), 1692e(10), 1692e(11), 1692f, and 1692g.
39. As a direct result and proximate cause of Defendant's actions in violation of the FDCPA, Plaintiff has suffered actual damages.

## VII. Demand for Jury Trial

Plaintiff hereby demands a jury trial on all issues so triable.

## VIII. Prayer for Relief

WHEREFORE, Plaintiff requests that judgment be entered against Defendant for:

a) Statutory damages pursuant to §1692k;
b) Actual damages in an amount to be determined by trial;
c) Costs and reasonable attorney's fees pursuant to §1692k; and
d) Such other relief as may be just and proper.

DATED   May 1, 2008  .

 s/ Floyd W. Bybee
Floyd W. Bybee, #012651
Law Office of Floyd W. Bybee, PLLC
4445 E. Holmes Avenue
Suite 107
Mesa, AZ 85206-5530
Office:  (480) 756-8822
Fax: (480) 302-4186
floyd@bybeelaw.com

Attorney for Plaintiff