1   **WO**

2

3

4

5

6                    **IN THE UNITED STATES DISTRICT COURT**

7                        **FOR THE DISTRICT OF ARIZONA**

8

9   Jerry R. Hobbs,                        )   No. CV-08-0833-PHX-LOA
                                           )
10               Plaintiff,                )   **ORDER**
                                           )
11  vs.                                    )
                                           )
12  National Action Financial Services, Inc., )
                                           )
13               Defendants.               )
    _____    )

14

15          This matter has been assigned to the undersigned United States Magistrate

16  Judge.  Pursuant to Local Rules of Practice of the United States District Court for the District

17  of Arizona ("LRCiv.") 16.2(b)(3), as modified on December 1, 2007, this action is

18  designated a standard track case.

19          Pursuant to Rule 16, FED.R.CIV.P., a Rule 16 scheduling conference is set for

20  **Friday, July 18, 2008 at 10:00 a.m.** in Courtroom 302, Sandra Day O'Connor U.S.

21  Courthouse, 401 W. Washington St., Phoenix, Arizona 85003-2151.  In preparation for this

22  case management conference, it is hereby ordered as follows:

23  A.      <u>Initial Disclosures.</u>

24          The parties shall provide initial disclosures in the form and on the schedule

25  required by Rule 26(a)(1), FED.R.CIV.P.  The parties shall file with the Clerk of Court a

26  Notice of Initial Disclosure; copies of the actual disclosures need not be filed.

27  B.      <u>Rule 26(f) Meeting and Case Management Report.</u>

28          The parties are directed to meet and confer at least **10 days** before the

scheduling conference as required by Rule 26(f), FED.R.CIV.P.  At this meeting the parties shall develop a joint Case Management Report which contains the following information in separately numbered paragraphs:

1.    The parties who attended the Rule 26(f) meeting and assisted in developing the Case Management Report;

2.    A list of the parties in the case, including any parent corporations or entities (for recusal purposes);

3.    A short statement of the nature of the case (**3 pages or less**), including a description of each claim and defense;

4.    The jurisdictional basis for the case, describing the basis for the jurisdiction (see the accompanying footnote) and citing specific jurisdictional statutes;[1]

5.    Any parties which have not been served and an explanation of why they have not been served; and any parties which have been served but have not answered or otherwise appeared;

6.    A statement of whether any party expects to add additional parties to the case or otherwise to amend pleadings (the Court will set a deadline of not later than 60 days after the Rule 16 scheduling conference to join parties or amend pleadings);

7.    A listing of contemplated motions and a statement of the issues to be decided by these motions (including motions under Fed. Rules of Evidence 702, 703, 704, and 705);

---

[1] If jurisdiction is based on diversity of citizenship, the report shall include a statement of the citizenship of every party and a description of the amount in dispute.  *See* 28 U.S.C. §1332. The parties are reminded that (1) a corporation is a citizen of the state where it is incorporated and the state of its principle place of business and (2) partnerships and limited liability companies are citizens of every state in which one of their members or partners resides.  *See* 28 U.S.C. §1332(c); *Indus. Tectonics v. Aero Alloy*, 912 F.2d 1090, 1092 (9th Cir. 1990); *Belleville Catering Co. v. Champaign Market Place, L.L.C.*, 350 F.3d 691, 692 (7th Cir. 2003).  The parties are further reminded that the Federal Rules of Civil Procedure do not provide for the use of fictitious parties and that the naming of a "John Doe" or "ABC Corporation" party "casts no magical spell on a complaint otherwise lacking in diversity jurisdiction."  *Fifty Assocs. v. Prudential Ins. Co. of Am.*, 446 F.2d 1187, 1191 (9th Cir. 1970) (citations omitted).

8.      Whether the case is suitable for reference to a different United States magistrate judge for a settlement conference;

9.      The status of related cases pending before other courts or other judges of this Court;

10.     A statement of when the parties exchanged Rule 26(a), FED.R.CIV.P., initial disclosures;

11.     A discussion of any issues relating to disclosure or discovery of electronically stored information, including the form or forms in which it should be produced (*see* Rules 16(b)(5), 26(f)(3));

12.     A discussion of any issues relating to claims of privilege or work product (*see* Rules 16(b)(6), 26(f)(4));

13.     A discussion of necessary discovery, including:

      a.      The extent, nature, and location of discovery anticipated by the parties;

      b.      Suggested changes, if any, to the discovery limitations imposed by the Federal Rules of Civil Procedure and LRCiv. 16.2;

      c.      The number of hours permitted for each deposition, unless extended by agreement of the parties.

14.     Proposed specific dates for each of the following (deadlines should fall on a Friday unless impracticable):

      a.      A deadline for filing motions to amend pleadings and motions to join additional parties, if appropriate.

      b.      Dates for full and complete expert disclosures under Rule 26(a)(2)(A)-(C), FED.R.CIV.P.;

      c.      A deadline for the completion of fact discovery;[2]

---

[2] The discovery deadline is the date by which all discovery must be **completed**. Discovery requests must be served and depositions noticed sufficiently in advance of this date to ensure reasonable completion by this deadline, including time to resolve discovery disputes. Absent extraordinary circumstances, the Court will not entertain discovery disputes after this

1           d.     A deadline for filing dispositive motions;

2     15.    Whether a jury trial has been requested and whether the request for a jury trial
3  is contested (if the request is contested, briefly set forth the reasons);

4     16.    The estimated length of trial and any suggestions for shortening the trial;

5     17.    The prospects for settlement, including any request of the Court for assistance
6  in settlement efforts; and

7     18.    Any other matters that will aid the Court and parties in resolving this case in
8  a just, speedy, and inexpensive manner as required by Rule 1, FED.R.CIV.P..

9          The parties shall jointly file the Case Management Report with the Clerk not
10  less than **seven days** before the Rule 16 conference.  It is the responsibility of Plaintiff(s) to
11  initiate the Rule 26(f) meeting and, absent an agreement to the contrary, preparation of the
12  joint Case Management Report.  Defendant(s) shall promptly and cooperatively participate
13  in the Rule 26(f) meeting and assist in preparation of the Case Management Report.

14  C.     Case Management Conference and Order.

15          The Court directs counsel to Rule 16, FED.R.CIV.P., for the objectives of the
16  Case Management Conference.  Counsel who will be responsible for trial of the lawsuit for
17  each party shall appear and participate in the Case Management Conference and shall have
18  authority to enter into stipulations regarding all matters that may be discussed.
19  A continuance of the Rule 16 conference will be granted only for good cause and will not be
20  granted beyond the time limit set forth in Rule 16(b), FED.R.CIV.P.

21          During or after the Case Management Conference the Court will enter a
22  scheduling order.  The Court fully intends to enforce the deadlines in the scheduling order.
23  The parties should plan their litigation activities accordingly.

24  D.     Other Matters.

25          Counsel for all parties are expected to comply fully with the Federal and Local
26  Rules of Practice and to minimize the expense of discovery.  Counsel should ensure that all

27  _____

28  deadline.

1   pleadings comply with LRCiv. 7.1 and 7.2.

2          Out-of-state counsel may participate in the scheduling conference by telephone

3   with prior approval by the Court by contacting the Court at (602) 322-7620.

4          The Clerk of the Court shall send copies of this Order to all counsel of record

5   and to any parties appearing *in propria persona*.

6          DATED this 23rd day of June, 2008.

Lawrence O. Anderson
United States Magistrate Judge